UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUSTAVO C. ESTRADA, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS GILLESPIE, *et al.*, <br><br> Defendants. | Case No. 2:13-CV-00280-APG-PAL <br><br> **ORDER (1) GRANTING THE DEFENDANTS' MOTION FOR RECONSIDERATION AND (2) DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> (DKT. #61, #62) |

Plaintiff Gustavo Estrada filed this lawsuit claiming various individuals at the Clark County Detention Center violated his constitutional rights by knowingly housing him under conditions that subjected him to attack by other inmates. Estrada initially was housed in the general population. He contends that defendants refused to move him into protective custody despite his repeated requests and that he subsequently was attacked by other inmates.

The parties previously moved for summary judgment on Estrada's remaining claims against defendants Gabriel Munoz, Daniel Varner, and Steven Albright. I granted summary judgment in the defendants' favor on all claims except the portion of count three regarding whether Varner and Albright released another inmate from a cell to attack Estrada. I denied summary judgment on this claim because the defendants did not move for summary judgment on it and because Estrada had not established he was entitled to judgment as a matter of law.

Defendants Varner and Albright move for reconsideration. They argue the complaint did not specifically allege that Varner and Albright were the ones who released the inmate from his cell and thus there is no claim against these defendants based on this conduct. Alternatively, they argue that they sought summary judgment on all of Estrada's claims, including this portion of count three.

Estrada does not respond to Varner and Albright's motion. Instead, he files his own motion for reconsideration. Estrada contends he has new evidence obtained from the California Department of Corrections showing that he was housed in protective custody in California and that he made his gang affiliations known there. Thus, he contends this shows Munoz was not truthful when he said the California Department of Corrections told him Estrada had no gang affiliations and was housed in the general population. He contends this newly discovered evidence should result in reconsideration and that Munoz committed a fraud on the court.

The defendants respond that this evidence is not newly discovered because Estrada could have requested it earlier in the litigation but instead waited until after the summary judgment motions had already been briefed. The defendants also argue the evidence is not new because the Court viewed the facts in the light most favorable to Estrada on summary judgment. Finally, they contend there is no fraud on the court because there is no evidence that Munoz was told this information.

I set forth the facts in a prior order (Dkt. #59), so I will not repeat them here except where necessary. I grant the defendants' motion to reconsider because there is no evidence that Varner and Albright were the ones who released an inmate from a cell to attack Estrada. Therefore, allowing the claim to proceed to trial would result in manifest injustice. I deny Estrada's motion for reconsideration because the evidence he presents is not newly discovered, it would not change the result on any of his claims, and there was no fraud on the court.

## II. DISCUSSION

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J,*

*Multnomah Cnty., Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

### A. The Defendants' Motion to Reconsider (Dkt. #61)

The defendants move for reconsideration of my prior order in which I ruled that part of count three remained pending because the defendants did not move for summary judgment on that issue. The defendants contend that no such claim was alleged in the complaint. Alternatively they argue that they moved for summary judgment on all claims, including the portion of count three related to letting an inmate out of his cell to attack Estrada. Estrada did not respond to this motion.

In denying a prior motion to dismiss, I stated that it appeared that Estrada was alleging as part of count three that Varner and Albright released another inmate from a cell for the purpose of attacking Estrada in retaliation for his request for protective custody. (Dkt. #34 at 8.) The defendants thus were or should have been aware that the complaint, liberally construed for a pro se plaintiff, contained this claim. The defendants nevertheless did not make any argument in their summary judgment motion (Dkt. #43) directed at these allegations. Simply stating that they are moving for summary judgment on all of the plaintiff's claims is insufficient. Under Federal Rule of Civil Procedure 56, the defendants bore the initial burden of establishing they are entitled to judgment as a matter of law. But they made no such showing related to the allegations that Varner and Albright released an inmate from the cell.

Nevertheless, in my discretion, I will reconsider summary judgment on that aspect of count three because Estrada has not presented any evidence at any time throughout this case that Varner and Albright released the inmate from his cell or that they did so with retaliatory intent. He also did not oppose reconsideration on this issue. Consequently, allowing this claim to proceed to trial based on no evidence would constitute a manifest injustice. I therefore grant the defendants' motion for reconsideration, and I grant summary judgment in their favor on the remaining portion of count three.

/ / / /

**B. Estrada's Motion to Reconsider (Dkt. #62)**

Estrada moves for reconsideration, asserting that new evidence shows Munoz was untruthful about what he learned from the California Department of Corrections regarding Estrada's custody status and gang affiliations. Estrada attaches to his motion a letter dated March 18, 2015 from the California Department of Corrections. That letter states that the Department had received Estrada's March 11, 2015 letter that requested "copies from [his] previous California Term under the name of Fabian Flores G30991." (Dkt. #62 at 7.) The records show that Fabian Flores was associated with a gang from Oakland and his enemies were the Surenos and Nortenos. (*Id.* at 9.) According to Estrada, it also shows he was in the special needs yard, which he equates to protective custody, because it identifies the institution as "ISP III SNY." (Dkt. #62 at 8.) There is no evidence beyond Estrada's representation that "SNY" means special needs yard or that the special needs yard means protective custody.

The defendants respond that this evidence is not newly discovered because Estrada has argued his custody status and gang affiliations from the inception of the case but did not request the information until months after the summary judgment motions were fully briefed. The defendants also argue the evidence is not new because the Court already viewed the facts in the light most favorable to Estrada on summary judgment.

"Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994), *as amended on denial of reh'g* (July 14, 1994). Here, Estrada sent his letter to the California Department of Corrections in March 2015, months after discovery had closed and the parties had completed briefing on summary judgment. Although Estrada refers in his motion to "many letters" he sent to the California Department of Corrections, he provides evidence of only the single letter dated March 11, 2015. The Department of Corrections responded a week after receiving that letter. The prompt response suggests that the information could have been obtained earlier with reasonable diligence.

Even if I considered the evidence as newly discovered, it would not alter the result. As stated in a prior order (Dkt. #59), counts one and two allege that Munoz failed to grant Estrada's request to be placed into protective custody on August 26, 2010 and that, as a result, Estrada was attacked on September 19, 2010. Taking Estrada's version as true, he requested protective custody on August 26, 2010 because an inmate in his module was looking at him in a threatening manner, not because he was a member of a gang or because he should have been placed in protective custody due to his prior custody status while incarcerated in California. Estrada never alleged that he should have been placed in protective custody prior to the other inmate giving him threatening looks.

Thus, even considering the new evidence, Estrada has failed to present evidence raising an issue of fact that Munoz was aware of and disregarded an excessive risk to Estrada's safety. Estrada initially was placed in the general population. He never alleged this decision was deliberately indifferent to his safety. Munoz learned that an inmate in module 5A gave Estrada a threatening look after Razo discussed Estrada's potential gang affiliations within earshot of inmates in module 5A. Based on this information, Munoz moved Estrada to another module. Estrada has presented no evidence that Munoz knew that placing Estrada in the general population of a different module would expose Munoz to attack from other inmates in the new module. He also has not presented evidence that Munoz was aware of any threats made to Estrada after he was moved to module 7B. Consequently, even considering the new evidence, and assuming Estrada and Fabian Flores are the same individual, the new evidence does not alter this result.

As to count three, Estrada alleged that after the September 19th incident, he requested protective custody but instead was placed in disciplinary housing where he was attacked by another inmate on November 3, 2010. Even considering the new evidence, Estrada has not presented evidence raising an issue of fact that the defendants were deliberately indifferent to an excessive risk to his safety by placing him in disciplinary housing as opposed to protective custody. Estrada has not presented evidence that the defendants knew Estrada was in danger of

being assaulted even given his limited contact with other inmates while in disciplinary housing. Estrada has not presented any evidence that the defendants knew of any threats to Estrada while he was confined in disciplinary housing or that they had information that the other inmate involved in the November 3rd fight posed a particular risk to Estrada. There mere fact that Estrada had gang affiliations or was in protective custody in California does not raise an issue of fact on these points. Further, there is no evidence this information was communicated to Munoz, Varner, or Albright. Consequently, even considering the new evidence, and assuming Estrada and Fabian Flores are the same individual, the new evidence does not alter this result.

Finally, there is no fraud on the court. Under Federal Rule of Civil Procedure 60(b)(3), the Court may relieve a party from a judgment due to fraud by an opposing party. Fraud on the court must involve "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Abatti v. C.I.R.*, 859 F.2d 115, 118 (9th Cir. 1988) (quotation omitted). Fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task" of adjudicating cases. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (quotation omitted). It requires a "grave miscarriage of justice." *Id.* (quotation omitted). "Non-disclosure, or perjury by a party or witness, does not, by itself, amount to fraud on the court." *Id.*

The new evidence does not show that Munoz was told that Estrada (under the different name of Fabian Flores) had gang affiliations and was in the special needs yard. But even assuming Munoz was untruthful about what the California Department of Corrections told him, a party's perjury does not amount to fraud on the court. Moreover, because the new evidence does not raise an issue of fact, there was no grave miscarriage of justice. I therefore deny Estrada's motion for reconsideration.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion for reconsideration (Dkt. #61) is GRANTED. Defendants are entitled to summary judgment on the only remaining claim,

the portion of count three that alleges defendants Varner and Albright deliberately released another inmate from a cell for the purpose of attacking Estrada.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (Dkt. #62) is DENIED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendants Gabriel Munoz, Daniel Varner, and Steven Albright and against plaintiff Gustavo Estrada.

DATED this 30th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE